Filed 5/21/15  Estate of Basmajian CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Estate of JOHN BASMAJIAN, Deceased. | B251475 |
| | |
| CARLA ADELMANN, | (Los Angeles County Super. Ct. No. LP006178) |
| Petitioner and Appellant, | |
| v. | |
| RICHARD J. BASMAJIAN, | |
| Objector and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, James A. Steele, Judge.  Affirmed.

Beltran, Beltran, Smith, Oppel & MacKenzie and Thomas E. Beltran for Petitioner and Appellant.

Richard J. Basmajian, in pro. per., for Plaintiff and Respondent.

_____

INTRODUCTION

Beneficiary Carla Adelmann appeals from the order of the probate court denying her request to recover attorney fees she incurred in litigation with her brother Richard J. Basmajian, while he was trustee of the John Basmajian Living Trust (the trust). An award of attorney fees is authorized by Probate Code section 17211, subdivision (b)[1] for a beneficiary who contests the trustee's account if the trustee's opposition to the contest was "without reasonable cause and in bad faith." The probate court determined that Adelmann's evidence did not show that Basmajian acted unreasonably or in bad faith and denied Adelmann's fee request. We conclude Adelmann has not demonstrated error. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *The trust*

Some of the pertinent facts are set forth in our earlier three opinions in this case (case Nos. B146995, B156908, & B191507). Basmajian, an attorney who had a real estate license, and his sister Adelmann are the primary beneficiaries of the trust created in 1985 by their father (decedent). At his death, decedent's assets were worth approximately $1.4 million and consisted primarily of a house where Adelmann lived, an apartment building, mutual funds, some accounts, and a promissory note in the sum of $250,000. The trust provided, after gifts to each of decedent's two ex-wives, that Adelmann was to receive the house, and that Basmajian and Adelmann were to divide the residue, including the apartment, equally. The siblings were to be cotrustees.

With respect to the promissory note asset, decedent had loaned $250,000 to Basmajian, and Basmajian executed the promissory note, which provided for 5 percent annual rate of interest beginning November 1, 1995. Basmajian used the money to purchase an interest in a banquet hall. He made no payments on the note during decedent's life.

---

[1]     All further statutory references are to the Probate Code, unless otherwise noted.

Decedent executed an amendment to the trust dated December 1, 1997, that among other things, designated Basmajian as the sole trustee. Decedent died two weeks later on December 14, 1997. After decedent's death, Basmajian, as sole trustee, forgave himself the $250,000 loan and commenced managing the apartment building.

2. *Adelmann's petitions and requests for accounting*

Between 1998 and 2000, Adelmann filed at least three petitions and requests seeking, among other things, to declare the trust amendment void based on undue influence, to have Basmajian removed as trustee, and to compel an accounting. She also filed a request for instructions and distribution, a motion for restraining order, her own account, and objections to Basmajian's accounts. Among the issues Adelmann raised in these many filings was her concern that Basmajian either omitted the $250,000 promissory note from the list of trust assets, or recharacterized the note as a gift.

Basmajian submitted accounts that variously listed the $250,000 note as an asset of the trust, omitted it, and ultimately listed it as " 'subsequently recharacterized as a gift.' " Some of Basmajian's accounts were rejected for filing for technical flaws.

In May 2000, the probate court submitted to a referee the question of whether the $250,000 note was a loan to Basmajian and part of the trust estate, or whether it was a gift. Basmajian did not call any witnesses. The referee issued her findings that the $250,000 promissory note " 'is an asset of the [trust]' " The probate court adopted the referee's findings.

Basmajian appealed from that ruling contending that the referee lacked authority to consider the characterization of the $250,000 note. Even if the referee had authority, Basmajian contended he was not given adequate notice of the subject of the reference. However, although he disagreed with the referee's conclusion that the loan had not been transmuted into a gift, Basmajian did not challenge the sufficiency of the evidence to support that finding. He declared that the reason he opted not to raise a substantial evidence challenge on appeal was that he had not called witnesses at the reference hearing because he was unaware that the issue was to be raised and litigated at that time.

3

In our first opinion (case No. B146995) filed in July 2002, we held that the referee had the authority to consider the status of the $250,000 and rejected Basmajian's notice contention. We ordered Basmajian to pay the costs of appeal personally after finding his appeal was an attempt to benefit himself personally (§ 1002),[2] but determined it was not appropriate to sanction him for making misrepresentations to us on a procedural matter.

While the first appeal was pending, the parties tried the question of whether the trust amendment was procured by undue influence, an issue raised in a petition Adelmann filed in 1998. In December 2001, six months before we filed our first opinion, the probate court ruled that the amendment was the product of undue influence exerted on the decedent by Basmajian and was therefore null and void. Basmajian filed his second appeal.

The probate court removed Basmajian as trustee in March 2002 and appointed a successor trustee. In June 2003, we filed our opinion in the second appeal (case No. B156908) affirming the probate court's ruling that the trust amendment was the product of undue influence.

In the third appeal (case No. B191507), we reversed the probate court's finding that Basmajian's two prior appeals were contests in violation of the trust's no-contest clause. Our third opinion in this case was filed in October 2007.

3. *Adelmann's request for attorney fees pursuant to section 17211, subdivision (b) at issue in this appeal*

On December 18, 2000, Adelmann filed a petition for, inter alia, (1) recovery of trust property, (2) submission of the second account current, and (3) attorney fees. The probate court took the matter off calendar because Basmajian's first appeal was pending.

After all three appeals were resolved, Adelmann returned to the probate court to press the attorney fee request she filed on December 18, 2000. At the direction of the

---

**2** Section 1002 reads, "Unless it is otherwise provided by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require."

probate court, Adelmann supplemented her December 2000 petition on July 29, 2010, June 24, 2011, and again on June 10, 2013.[3] Adelmann's petition and supplements explained that she sought fees for what she called Basmajian's opposition to her attempts to obtain an accounting in 1998, and her responses to Basmajian's opposition to her objections to his account (§ 17211, subd. (b)). More specifically, although somewhat of a moving target, Adelmann based her claim to section 17211 fees on "Basmajian's delay, bad faith opposition, which was without reasonable cause, first, to Adelmann's request that he render an account, and second, to her contest of the account, and third, to his appeal, in which he admitted that the evidence against him was sufficient."

Counsel finally focused Adelmann's claims by clarifying at the hearing on her petitions and supplements that her fee request was for Basmajian's unreasonable and bad faith claim, made in his opposition to her request for an account, that the $250,000 promissory note was not a loan but a gift to him. She argued that Basmajian had *conceded* in his first appeal that the note was a loan and hence an asset of the trust. As evidence of this concession, Adelmann quoted from Basmajian's appellate brief, reflected in a statement in our first opinion, that he did not challenge the sufficiency of the evidence to support the referee's finding that the $250,000 promissory note was a trust asset. Adelmann asserted that Basmajian's decision to forgo a challenge to the referee's factual finding constituted his concession that the $250,000 note was a loan and belonged to the trust. Therefore, she argued, he had no reasonable basis to bring his first appeal. Counsel stated to the probate court, "*What I'm hanging my hat on, really, though, is his* [*Basmajian's*] *statement in there that the evidence was sufficient against him*. If the evidence is sufficient against him and he said that before the appeal, then, what was -- as a fiduciary, what was basis to contest? That's really it. That's the finding." (Italics added.) Adelmann also cited as evidence of Basmajian's bad faith our decision to impose

---

[3]     Adelmann's June 10, 2013 supplement sought $105,571.75 in fees covering her attorney's work from March 12, 1999 through January 10, 2003, for expenses of litigation in responding to Basmajian's opposition to her objections to his account. Her petition and supplements also sought other remedies not at issue here.

costs on Basmajian personally because his first appeal was designed to benefit himself. Adelmann argued that an evidentiary hearing on her section 17211, subdivision (b) attorney fee request was unnecessary because the statements made in Basmajian's appellate brief and our opinion constituted her evidence.

The probate court ruled, with respect to Adelmann's petition for fees under section 17211, subdivision (b), that "the evidence does not support a finding that [] Basmajian acted both objectively unreasonably or subjectively in bad faith." Adelmann's appeal ensued.

## CONTENTIONS

Adelmann contends that Basmajian's opposition was without reasonable cause and in bad faith with the result the probate court should have awarded her attorney fees under section 17211, subdivision (b).

## DISCUSSION[4]

Section 17211, subdivision (b)[5] authorizes the award of attorney fees and costs to a beneficiary who contests the trustee's account if the trustee's opposition to the contest was "without reasonable cause *and* in bad faith." (Italics added.) We analyzed section 17211, subdivision (b) in *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866 (*Uzyel*). We held that "reasonable cause" is ordinarily "synonymous with 'probable cause' as used in the malicious prosecution context," although unlike malicious prosecution, reasonable cause under section 17211, subdivision (b) is analyzed with reference to the defense, rather than the prosecution of a proceeding. (*Uzyel*, *supra*, at pp. 926-927.)

---

[4]    This order was appealable as an order refusing to allow the payment of compensation or expenses of an attorney (§ 1300, subd. (e); Code Civ. Proc., § 904.1, subd. (a)(10)).

[5]    Basmajian raises a procedural basis for denying Adelmann's fee request based on Code of Civil Procedure section 1033.5 and California Rules of Court, rule 3.1702, concerning proceedings in civil court, not the probate court. This procedural contention overlooks the fact that Adelmann's fee petition relies on section 17211, subdivision (b) of the Probate Code.

6

"Reasonable cause" to defend, i.e., oppose a contest to an account "requires an objectively reasonable belief, based on the facts then known to the trustee, either that the claims [raised in the contest] are legally or factually unfounded or that the petitioner is not entitled to the requested remedies. Conversely, there would be no reasonable cause to oppose a contest of an account only if all reasonable attorneys would have agreed that the opposition was totally without merit, or, in other words, no reasonable attorney would have believed that the opposition had any merit." (*Uzyel*, *supra*, 188 Cal.App.4th at p. 927.) This reasonable cause "is a low threshold designed to protect a litigant's right to assert arguable legal claims even if the claims are extremely unlikely to succeed. [Citations.]" (*Ibid.*) On appeal, if there is no factual dispute about the trustee's knowledge at the time of the opposition, we independently review the probate court's finding of reasonable cause. (*Ibid.*)[6]

" '[B]ad faith' in this context concerns the trustee's subjective state of mind and cannot be inferred from the absence of probable cause alone. [Citation.]" (*Uzyel*, *supra*, 188 Cal.App.4th at p. 927, fn. 47, citing *Downey Venture v. LMI Ins. Co.* (1998) 66 Cal.App.4th 478, 498-499 [concerning malicious prosecution's "malice" element].) The "evidence must include proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the" beneficiary. (*Downey Venture v. LMI Ins. Co.*, at pp. 498-499.)

Thus, to recover fees under section 17211, subdivision (b), the petitioner must show "an unsuccessful [opposition], which any reasonable attorney would regard as totally and completely without merit [citation], for the intentionally wrongful purpose of injuring another person." (*Downey Venture v. LMI Ins. Co.*, *supra*, 66 Cal.App.4th at p. 499; *Uzyel*, *supra*, 188 Cal.App.4th at p. 926.)

---

**6** Adelmann cites us to *Estate of Gonzalez* (2002) 102 Cal.App.4th 1296, at page 1306 for the meaning of "reasonable cause." We do not consider *Estate of Gonzalez* as it involved the meaning of that phrase in former section 21306, whereas our opinion in *Uzyel* is considerably more recent and involves section 17211, subdivision (b) itself.

Here, it appears that Adelmann's December 18, 2000 petition for an account and her many supplements constitute a "contest" of the trustee's account as contemplated by section 17211, subdivision (b). This is because Basmajian's duty to account is inseparable from his duty to carry out the terms of the trust by marshalling and distributing assets, and Adelmann's petition arose from and was related to that duty. (*Leader v. Cords* (2010) 182 Cal.App.4th 1588, 1598-1599 [holding petition seeking order compelling trustee to distribute remaining trust assets concerns internal affairs of trust and is a contest under § 17211, subd. (b)].)

However, although procedurally Adelmann's petition falls within the ambit of section 17211, subdivision (b), she has not demonstrated a right to recover fees under that statute. Her claim that Basmajian lacked reasonable cause is premised on his decision in the first appeal not to challenge the evidentiary basis for the referee's finding that the $250,000 promissory note was a trust asset. She argues here, as she did below, that Basmajian's omission of that contention on appeal constitutes his acknowledgement that the promissory note belonged to the trust, with the result his opposition to her contest, in which he claimed the $250,000 was a gift to him, was unreasonable.

"The 'substantial evidence rule' is one of the most formidable hurdles facing appellants after a trial on the merits. [¶] When the case was tried on its merits, the court of appeal invokes several presumptions in support of the judgment. All evidentiary conflicts are resolved in favor of the judgment; and, so long as the judgment was supported by 'substantial evidence,' the appellate court will not reweigh the evidence." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2014) § 1:45, p. 1-11 (Civil Appeals & Writs); accord *Winograd v. American Broadcasting Co*. (1998) 68 Cal.App.4th 624, 631-632.) "In practice, reversal for 'insufficient' evidence [citation] is *relatively rare*." (Civil Appeals & Writs, *supra*, § 8:38, p. 8-19, italics added.) "Defendants raising a claim of insufficiency of the evidence assumes [*sic*] a 'daunting burden.' [Citation.]" (*Whiteley v. Philip Morris Inc*. (2004) 117 Cal.App.4th 635, 678.) "The substantial evidence standard of review is generally considered the most difficult standard of review to meet, as it should be, because it is not the function of the

8

reviewing court to determine the facts." (*In re Michael G*. (2012) 203 Cal.App.4th 580, 589.) Accordingly, counsel bringing an appeal must assess, among other things, whether a claim of error would be defeated by the substantial evidence rule. (Civil Appeals & Writs, *supra*, § 1:52, p. 1-12.) A determination not to raise a challenge to the sufficiency of the evidence, then, arises from an exercise of legal judgment.

Basmajian did not call witnesses at the reference hearing and so he had no evidence to submit on appeal to counter the referee's finding. Thus, he made the determination not to challenge the sufficiency of the evidence. In no way is Basmajian's decision to forgo a substantial evidence challenge tantamount to a "concession" that the referee was correct. The daunting hurdle that the substantial evidence rule poses for appellants shows that Basmajian had reasonable cause to omit from his appeal any contention based on substantial evidence and his decision was not totally and completely without merit. Stated otherwise, we cannot say that no reasonable attorney would have made the same decision.[7] (*Uzyel*, *supra*, 188 Cal.App.4th at p. 927.) Likewise, although we imposed fees on Basmajian on appeal on the ground his first appeal was an attempt to benefit himself personally (§ 1002), we decided not to sanction him for frivolous appeal. The imposition of section 1002 fees is not a determination that Basmajian acted unreasonably as that term is used in section 17211, subdivision (b). Therefore, we hold that Adelmann has failed to demonstrate that Basmajian lacked reasonable cause to oppose her petitions for an account and so we need not address the question whether Basmajian's conduct constituted bad faith. (§ 17211, subd. (b) [written in the conjunctive, requires a showing of both lack of reasonable cause and bad faith].)[8]

---

[7] Adelmann's brief on appeal raises three other reasons why she believes Basmajian lacked reasonable cause to oppose her contest. We have considered those reasons and conclude two bases do not demonstrate Basmajian acted unreasonably and the third reason does not fall within the statute.

[8] Basmajian's request for sanctions filed on December 10, 2014 is denied.

## DISPOSITION

The order of July 22, 2013 denying Carla Adelmann attorney fees under section 17211, subdivision (b) is affirmed. Each party to bear its own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ALDRICH, J.


We concur:



KITCHING, Acting P. J.



EGERTON, J.[*]


---

[*] Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.